UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERTA J. VOLK,

    Plaintiff,

v.

                                 Case No. 22-cv-1517-pp

MARTIN O'MALLEY,

    Defendant.

**ORDER GRANTING IN PART DEFENDANT'S RULE 59(E) MOTION TO AMEND COURT MINUTES AND DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT (DKT. NO. 32)**

On November 20, 2023, the court reversed and remanded this Social Security appeal to the Commissioner under sentence four of 42 U.S.C. §405(g). The court entered judgment on November 27, 2023. Dkt. No. 31. On December 22, 2023, the defendant filed a motion to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 32. The defendant asks the court to amend its order and judgment to reflect that the administrative law judge does not need to conduct a new step five determination if the case does not proceed to that step and does not necessarily need to probe the vocational expert's process for estimating job numbers. Dkt. No. 33.

**I. Defendant's Motion to Alter Judgment (Dkt. No. 32)**

    A.    <u>Legal Standard</u>

Rule 59 allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary

1

appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted). "A Rule 59(e) motion can be granted only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Barrington Music Prods., Inc. v. Music & Arts Ctr., 924 F.3d 966, 968 (7th Cir. 2019) (quoting Cincinnati Life Ins. Co. v. Breyer, 722 F.3d 939, 954 (7th Cir. 2013)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Rather, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Furthermore, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." Id. (citing Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996)).

B.  The Court's Ruling

The court ruled from the bench and made clear that a remand was required only because the vocational expert "did not provide substantial evidence to support the job numbers that she provided [in her testimony] and that the ALJ adopted." Dkt. No. 34 at 44, lines 13-16. The court said that the case must be remanded for another "five-step determination," and, "at that point, the ALJ has to ask about the V.E.'s methods and has to determine whether those methods were reliable and actually--accurately applied to [the plaintiff's] case." Id. at 38, lines 18-22.

The minutes explained that the court was remanding for the ALJ to conduct a new "step five" determination:

> The court REVERSES and REMANDS to the Commissioner under sentence four to 42 U.S.C. §405(g) for the ALJ to conduct a new step

2

five determination where the ALJ must question the VE's methods, determining whether those methods are reliable and accurately applied to this case before relying on the VE's conclusions.

Dkt. No. 30 at 2.

The court's judgment contains the following language:

> THE COURT ORDERS AND ADJUDGES that the decision of the Commissioner of the Social Security Administration, to deny benefits to the plaintiff, is REVERSED and this case is REMANDED to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. §405(g).
>
> THE COURT ORDERS that this case is DISMISSED.

Dkt. No. 31 at 1.

### C. Defendant's Arguments (Dkt. No. 33)

The defendant filed a motion to amend the judgment, dkt. no. 32, but essentially is asking the court to make two modifications to the court's oral ruling and/or the minutes, dkt. no. 33. First, the defendant asks the court to adjust the language regarding the necessity for a new step five determination, pointing out that such determination may not be necessary if the ALJ resolves the case at an earlier step. Dkt. No. 33 at 3. The ALJ had determined the that the plaintiff could perform past relevant work as a packer but that the plaintiff's testimony was unclear about the requirements of the job; the ALJ thus proceeded to the next step. Id. The defendant argues that if the ALJ resolves that question on remand, the plaintiff would not be disabled and the ALJ would not proceed to step five. Id. Specifically, the defendant asks for the following:

> Remove from the Decision the sentence: "The court will remand for the ALJ to conduct a new step five determination," and substitute a sentence to the effect of the following: "The court will remand for the ALJ to conduct further proceedings."

Id. at 1-2.

3

Case 1:22-cv-01517-PP    Filed 11/27/24    Page 3 of 7    Document 35

Second, the defendant asks the court to clarify that an ALJ need not always explore the vocational expert's methodology. Id. at 4. The defendant points to authority holding that a plaintiff must object to the VE's testimony during the hearing. Leisgang v. Kijakazi, 72 F.4th 216, 219-20 (7th Cir. 2023). The defendant argues that the ALJ need not seek further clarification where the vocational expert's explanation "is sufficiently cogent and thorough" and "does not give the ALJ any reason to suspect the methodology is unreliable. Dkt. No. 33 at 4 (quoting Fetting v. Kijakzi, 62 F.4th 332, 339 (7th Cir. 2023). He asks for the following modification:

> Remove from the Decision the following paragraph: "The court REVERSES and REMANDS to the Commissioner under sentence four to 42 U.S.C. §405(g) for the ALJ to conduct a new step five determination where the ALJ must question the VE's methods, determining whether those methods are reliable and accurately applied to this case before relying on the VE's conclusions," and substitute a paragraph to the effect of the following: "The court REVERSES and REMANDS to the Commissioner under sentence four to 42 U.S.C. §405(g) for the ALJ to proceed through the sequential evaluation process as needed to reach a de novo decision; if warranted, obtain supplemental vocational expert evidence; take any further action needed to complete the administrative record; and issue a new decision."

Id. at 2.

The plaintiff did not respond to the motion.

D.   Analysis

The defendant filed a timely motion to amend judgment under Rule 59(e), but the judgment itself is consistent with the defendant's requested language. The judgment says nothing more than that the case is reversed and remanded for further proceedings under sentence four. The language of which the defendant complains appears in the court minutes rather than the court's oral ruling or the judgment.

4

Additionally, the defendant cites to Rule 59(e) but does not argue that the court committed a manifest error of law of fact or that newly discovered evidence precludes the entry of judgment. The defendant does not argue that this appeal should have affirmed the decision of the Commissioner. Instead, the defendant objects to language that appears in the court minutes because the language "was not necessary to the outcome of the case but has *the potential* of directing the ALJ on remand to take action inconsistent with the Social Security regulations and Seventh Circuit precedent." Dkt. No. 33 at 2 (emphasis added).

In its oral ruling, the court held that remand was appropriate because of the error committed at step five. The basis for the remand was that during the administrative hearing, the plaintiff lodged a specific objection to the vocational expert's testimony about the methodology used to support the job numbers. Dkt. No. 34 at 30, lines 9-15. The ALJ accepted the vocational expert's conclusory assurances of reliability with respect to job number estimates without any explanation or analysis by the vocational expert demonstrating that she knew how Job Browser Pro produced its estimates. Id. at 31, lines 1-24; 32, lines 1-7; 38, lines 13-17. The court concluded that without this testimony, the vocational expert had an insufficient basis to conclude that the estimates were the product of a reliable method and, as a consequence, the adoption of the job number estimates at step five lacked the support of substantial evidence. Id., at 44, 13-16.

The defendant fears that the language in the court's "decision" will create the impression that the ALJ must conduct a step five determination and that he of she must explore the vocational expert's methodology supporting the job numbers. But it is the court's oral ruling—not the court minutes—that

5

constitutes the court's decision. Dkt. No. 29. The court stated that the case must be remanded "for another five-step determination." Dkt. No. 34 at 38, lines 18-22. The court ruled at the end of the hearing that remand was necessary because the vocational expert "did not provide substantial evidence to support the job numbers that she provided and that the ALJ adopted." Dkt. No. 34 at 44, lines 13-16. If the ALJ reaches step five, the ALJ must conduct a proper inquiry and support his or her decision with substantial evidence. Again, the judgment states only that the court is reversing and remanding for further proceedings. Dkt. No. 31.

Although the defendant does not cite the minutes, the language that the defendant references appears in the minutes from the court's oral ruling. To the extent that the minutes refer to a step five determination (rather than a five step determination) and suggest that the ALJ must reach step five, the court's oral ruling controls. If an ALJ finds the plaintiff capable of past relevant work at step four, there would be no testimony from the vocational expert at step five, no objection to the vocational expert's testimony by the plaintiff and no need for further inquiry by the ALJ. The scenario presented by the facts of this case require a further inquiry. The Seventh Circuit has made clear that the ALJ must hold the vocational expert to account for the reliability of his or her job-number estimates. Ruenger v. Kijakzi, 23 F.4th 760, 764 (7th Cir. 2022). The court specifically addressed the defendant's concerns in the oral ruling when it addressed each of the cases cited by the defendant. Dkt. No. 34 at 32-38. The court acknowledged the authority cited in the motion to amend judgment, and the need for an objection and a sufficient bases for understanding the methodology used and applied by the vocational expert in the case. Id.

6

## II. Conclusion

The court **GRANTS IN PART AND DENIES IN PART** the defendant's motion to amend judgment. Dkt. No. 32. The court **DENIES AS UNNECESSARY** the defendant's motion to amend the judgment. The court will amend the court minutes to reflect that the case is reversed and remanded for further proceedings under Sentence Four of 42 U.S.C. §405(g).

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**